JUSTICE RICE
specially concurring.
¶53 I concur with the Court’s opinion. However, though I agree with the Court’s resolution of Issue 2, I do not condone in any way the actions of the City in regard to the testimony of its expert witness, Dr. Joseph Knapp.
¶54 In his deposition, Knapp testified that he was not aware of “any studies” that pertained exclusively to the survival rate for someone who had suffered a pre-hospital respiratory arrest. However, on cross-examination at trial, when asked the identical question, Knapp testified that he was aware of such studies “only in children.” Knapp had neither corrected his previous deposition testimony nor supplemented his other discovery responses and expert disclosure.
¶55 Plaintiffs counsel allowed this discrepancy to pass during the remainder of his cross-examination, but objected when defense counsel questioned Knapp about the children’s studies on re-direct examination. Defense counsel responded by arguing that Plaintiffs *485 counsel had “opened the door” by his single question about existing studies-the question which Knapp had answered differently in his deposition. The District Court overruled Plaintiffs objection, and defense counsel then extensively questioned Knapp concerning the studies and, further, referenced the studies in closing argument.
¶56 I find that the City’s tactics were unfair, that Plaintiff was ambushed by Knapp’s inconsistent testimony, and it should not have been admitted. However, the Court essentially concludes, and I agree, that no prejudice accrued to Plaintiff by the error, primarily because of Plaintiffs counsel’s astute cross-examination of Knapp and his effective countering of Knapp’s opinion. For the simple reason that I cannot conclude that the outcome of a trial saturated with conflicting expert testimony was affected by this evidentiary error, I concur in the decision to affirm on this issue.